859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Durwood Arthur HOOD, Jr., Plaintiff-Appellant,
v.
SENTRY INSURANCE, Defendant-Appellee.
 No. 88-3963.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1988.
Decided Sept. 9, 1988.
 
 Durwood Arthur Hood, Jr., appellant pro se.
 Mark Carew Treanor, for appellee.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Durwood Hood sued Sentry Insurance Company (Sentry) for breach of contract based on Sentry's failure to pay a claim under Hood's homeowner's insurance policy resulting from fire damage to Hood's home. Sentry moved for summary judgment. Relying on statements contained in Hood's deposition, it asserted that it is not liable to Hood because the policy does not cover losses sustained as a result of failure of the "insured to use all reasonable means to save and preserve property." The district court granted the motion for summary judgment and dismissed the action. Hood appealed.
 
 
 2
 In moving for summary judgment the movant bears the burden of establishing that there is no genuine issue of material fact in dispute and that he is entitled to judgment as a matter of law. See 5A J. Moore & J. Lucas, Moore's Federal Practice p 56.15 (1988); 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure Sec. 2739 (1983). The failure of the nonmoving party to supply contrary factual evidence is not sufficient grounds to grant summary judgment where the record before the court makes it apparent that genuine issues of fact are in dispute.
 
 
 3
 Hood's deposition testimony provides a detailed account of the events surrounding the fire and his actions at the time of the fire. If this testimony is accepted as true, as it must be at the summary judgment stage, Hood has a valid argument that his actions in responding to the fire were reasonable. Based on this testimony, it cannot be said that Sentry is entitled to judgment as a matter of law and summary judgment is not appropriate.
 
 
 4
 We accordingly vacate the judgment dismissing the case and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 VACATED AND REMANDED